UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

        Petitioner,

                                          CASE NO. 2:09-CV-10605
v.                                                  HONORABLE BERNARD A. FRIEDMAN

PATRICIA BARNHART,

        Respondent.
_____/

**<u>OPINION AND ORDER GRANTING RESPONDENT'S SUMMARY JUDGMENT
MOTION, DENYING PETITIONER'S SUMMARY JUDGMENT MOTION,
DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS</u>**

Petitioner Rico Menefee, a Michigan prisoner, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. This matter is before the Court on Respondent's motion for summary judgment seeking dismissal of the petition as untimely, as well as Petitioner's counter motion asserting that his petition is timely. For the reasons set forth, the Court grants Respondent's motion, denies Petitioner's motion, and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed on appeal in forma pauperis.

**I.**       **<u>Facts and Procedural History</u>**

Petitioner was convicted of second-degree murder following a jury trial in the Wayne County Circuit Court and was sentenced to 30 to 50 years imprisonment on February 23, 2000. Petitioner

1

filed an appeal of right raising improper jury instruction and prosecutorial misconduct claims. The Michigan Court of Appeals affirmed his conviction. *People v. Menefee*, No. 226299, 2002 WL 347840 (Mich. Ct. App. Feb. 26, 2002). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Menefee*, 467 Mich. 881, 672 N.W.2d 858 (Sept. 30, 2002).

On January 29, 2007, Petitioner filed a motion for relief from judgment with the state trial court raising claims of jury bias, prosecutorial misconduct, ineffective assistance of trial and appellate counsel, as well as claims which were not sufficiently briefed. The trial court denied the motion on May 16, 2007. Petitioner filed an application for leave to appeal this decision with the Michigan Court of Appeals, which was denied. *People v. Menefee*, No. 280733 (Mich. Ct. App. April 18, 2008). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Menefee*, 482 Mich. 1029, 769 N.W.2d 205 (Oct. 27, 2008).

Petitioner filed the present habeas petition on February 18, 2009. He raises claims alleging an improper departure from the state sentencing guidelines, improper jury instructions on manslaughter and the evidence, and jury bias. Respondent moved for summary judgment on September 15, 2009 contending that the petition should be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a response to the motion, which he deems a motion for summary judgment, asserting that he is entitled to statutory and/or equitable tolling of the one-year period and that the statute of limitations should not bar his claims.

**II.     Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA contains a one-year statute of limitations for habeas petitions brought by prisoners challenging state court judgments.  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the time period prescribed by this section must be dismissed.  *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date.  The Michigan Supreme Court denied leave to appeal on September 30, 2002.  Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court.  *See Lawrence v.*

*Florida*, 549 U.S. 327, 333 (2007); S. Ct. Rule 13(1). He did not do so. His conviction thus became final on December 29, 2002. Petitioner was therefore required to file his federal habeas petition on or before December 29, 2003, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until January, 2007. Thus, the one-year limitations period expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-created retroactively-applicable rights which would warrant habeas relief. Rather, he asserts that "part of this claim is based upon newly-discovered issues or facts." Petitioner, however, has not shown that any of his habeas claims are based upon newly-discovered evidence. In such a case, the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner. *See Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004)

(citing cases). The time commences when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Id*. The start of the limitations period does not await the collection of evidence to support the facts. *Id.* Here, the record reveals that Petitioner was aware or should have been aware of the factual predicate underlying his habeas claims at the time of trial and/or direct appeal. His habeas claims concerning sentencing departure, improper jury instructions, and jury bias are based on matters that occurred at trial or sentencing. Petitioner was thus well aware of the factual basis for his habeas claims before the expiration of the one-year period, but did not pursue his remedies in a timely manner. His habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner claims that the one-year period should be equitably tolled due to his inability to read and write, his low IQ level, and mental illness. Petitioner, however, has not set forth sufficient circumstances to justify the filing of his case after the expiration of the one-year period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). Illiteracy does not justify tolling the one-year period. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has also not shown how his low IQ prevented him from pursuing his state remedies or filing his habeas petition in a timely manner. *See Green v. Hinsley*, 116 Fed. Appx. 749, 751 (7th Cir. 2004) (equitable tolling did not apply when petitioner failed to present evidence of how his low IQ rendered him incompetent or prevented him from timely filing his petition).

Possible mental retardation or mental illness is not a *per se* reason to toll the statute of limitations for filing a federal habeas petition. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002). Mental illness is a basis for equitable tolling of a limitations period only in extreme circumstances. *See Simpson v. Wolfenbarger*, No. 05-CV-71298-DT, 2006 WL 416189, *5 (E.D. Mich. Feb. 21, 2006). Further, the alleged mental condition must have affected the petitioner's ability to timely file a habeas petition. *Brown*, 232 F. Supp. 2d at 767-68 (citing cases). The petitioner bears the burden of showing that mental problems rendered him unable to file his petition within the one-year period. *Id.*; *see also Bilbrey v. Douglas*, 124 Fed. Appx. 971, 973 (6th

Cir. 2005) (equitable tolling did not apply where petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition").

Although the record indicates that Petitioner has some cognitive limitations and mental health issues, he has not established that his mental condition impeded his ability to timely seek review of his conviction. The record reveals that Petitioner was competent to stand trial and to pursue his appellate rights with the assistance of counsel. He was also able to file his motion for relief from judgment in 2007 and now seeks to proceed before this Court while under the same condition. This indicates that his cognitive limitations and mental health problems did not preclude him from managing his legal affairs and acting upon them during the relevant time period. *See Brown*, 232 F. Supp. 2d at 768. Petitioner has failed to establish that his mental condition prevented him from pursuing his state remedies or federal habeas review in a timely manner. Petitioner has also not shown diligence in seeking habeas relief given that he filed his state court motion for relief from judgment more than four years after the conclusion of his direct appeals. Petitioner is not entitled to equitable tolling under *Dunlap, supra*.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence,

7

trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. His contention that his habeas claims have merit does not state a claim of actual innocence, nor does it justify tolling of the one-year period. *See Holloway*, 166 F. Supp. 2d at 1191. Petitioner has not shown that he is entitled to statutory or equitable tolling of the one-year limitations period.

## III.    Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Respondent's motion for summary judgment shall therefore be granted, Petitioner's counter motion for summary judgement denied, and this case dismissed.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court denies a habeas claim on procedural

grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

For the reasons stated, the Court concludes that reasonable jurists would not find the Court's procedural ruling debatable. Petitioner has also failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. No certificate of appealability is warranted in this case nor should Petitioner be granted leave to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, Petitioner's motion for summary judgment is **DENIED**, and the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed on appeal in forma pauperis are **DENIED**.

        S/Bernard A. Friedman
        Bernard A. Friedman
        United States District Judge

Dated: October 23, 2009

I hereby certify that a copy of the foregoing document was served upon Rico Menefee and counsel of record on October 23, 2009, by electronic and/or ordinary mail.

        S/Carol Mullins
        Case Manager